## UNITED STATES of America, Plaintiff–Appellee,

v.

## Jose Luis ALEXANDER, aka Jose Luis Alexander–Ortiz; aka Jose Luis Ortiz–Alexander, Defendant–Appellant.

No. 99–50681.

D.C. No. CR–99–00012–GLT.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 22, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM [2]

Jose Luis Alexander appeals his 70–month sentence imposed following conviction by guilty plea to a single count of being found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S .C. § 3742(a). Because Alexander did not object to the use of his prior aggravated felony to enhance his sentence, we review for plain error, *United States v. Pacheco–Zepeda*, No. 99–50720, 2000 WL 33156290, at *3 (9th Cir. Dec. 6, 2000), and affirm.

Alexander contends that the district court erred by sentencing him pursuant to 8 U.S.C. § 1326(b)(2). Specifically, he argues that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires that the fact of his prior conviction for an aggravated felony be proved beyond a reasonable doubt. We disagree.

The plain language of *Apprendi* excludes from its holding prior convictions, thereby preserving the specific holding of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that subsection (b)(2) constitutes a sentence enhancement and not a separate offense. *Pacheco–Zepeda*, at *4. The district court, therefore, properly sentenced

Alexander pursuant to subsection (b)(2). *Id.* at *5.

AFFIRMED.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

